IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

DANIEL E. W.,

        Plaintiff,        Civil Action No.
                              5:17-CV-0271 (DEP)
  v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

---

<u>APPEARANCES</u>:                      <u>OF COUNSEL</u>:

<u>FOR PLAINTIFF</u>:

OLINSKY LAW GROUP          HOWARD D. OLINSKY, ESQ.
300 S. State Street
Suite 420
Syracuse, NY 13202

<u>FOR DEFENDANTS</u>:

HON. GRANT C. JAQUITH        BENIL ABRAHAM, ESQ.
United States Attorney           Special Assistant U.S. Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198


DAVID E. PEEBLES
CHIEF U.S. MAGISTRATE JUDGE

## DECISION AND ORDER

Plaintiff Daniel E. W. commenced this action in August of 2017, seeking judicial review of a determination by the Acting Commissioner of Social Security ("Commissioner"), in which the Commissioner denied plaintiff's application for Social Security benefits. Having succeeded in this court, and on remand before the Social Security Administration, resulting in an award of past-due benefits to plaintiff, his counsel now seeks an order, pursuant to 42 U.S.C. § 406(b), awarding him fees in the amount of $22,051.50, conditioned upon his return to the plaintiff of $5,800.00 previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. For the reasons set forth below, the motion of plaintiff's counsel, which the Commissioner has not actively opposed, will be granted.

I.  BACKGROUND

Plaintiff commenced this action on March 8, 2017, pursuant to 42 U.S.C. § 405(g), challenging a final determination by the Commissioner denying his application for disability insurance benefits under Title II of the Social Security Act. Dkt. No. 1.[1] That denial was the result of an adverse

---

[1] This matter is before me on consent of the parties, pursuant to 28 U.S.C. § 636(c) and General Order No. 18 of this court. See Dkt. No. 6.

decision, following a hearing, by Administrative Law Judge ("ALJ") Jennifer Gale Smith, issued on April 4, 2016, and a subsequent decision of the Social Security Administration Appeals Council denying plaintiff's request for review of that determination. Dkt. No. 8 at 4-6, 13-25. Following the submission of the record of the administrative proceedings before the agency, and briefing and oral argument by the parties, I issued an order on November 14, 2017, granting plaintiff's motion for judgment on the pleadings, vacating the final decision of the Commissioner, and directing that the matter be remanded to the agency pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. Nos. 8, 9, 10, 12. Judgment was subsequently entered on November 22, 2017, returning the matter to the Commissioner and closing the case. Dkt. No. 13.

On February 5, 2018, following the court's remand, plaintiff's counsel, Howard D. Olinsky, Esq., filed a motion for an award of costs and attorney's fees, pursuant to the EAJA. Dkt. No. 14. In his application, Attorney Olinsky sought recovery for (1) 25.9 hours of attorney work performed in 2017 and 2018, to be compensated at an hourly rate of $198.77; and (2) 10.1 hours of paralegal work, to be compensated at a rate of $100 per hour, in a total amount of $6,158.14. Dkt. Nos. 14-1, 14-4, 14-5. An order was subsequently issued on February 12, 2018, based

upon a stipulation of the parties, directing payment of fees under the EAJA to plaintiff's attorney in the amount of $5,800.00. Dkt. Nos. 15, 16.

As a result of the further administrative proceedings ordered by the court, following remand, ALJ Jennifer Gale Smith issued a fully favorable decision on November 26, 2018, finding that the plaintiff was disabled at all relevant times. Dkt. No. 17-2 at 2-11. The agency subsequently issued a Notice of Award, dated December 9, 2018, in which it determined that plaintiff was entitled to past-due Title II benefits, for the period of June 2014 through October 2018. *See* Dkt. No. 17-4.

On February 6, 2019, approximately two months following the agency's issuance of the Notice of Award, Attorney Olinsky filed a motion seeking an additional award of attorney's fees, pursuant to 42 U.S.C. § 406(b), based upon the favorable result achieved before the agency and his retainer agreement, under which plaintiff agreed to compensate his firm to the extent of twenty-five percent of past due benefits awarded upon a favorable decision. *See* Dkt. Nos. 17, 17-3. In that application, Attorney Olinsky asserts that plaintiff was awarded past-due benefits of $112,206.00, and calculates the attorney's fees due him from the plaintiff under the retainer agreement executed between his firm and the plaintiff at twenty-five percent of that amount, or $28,051.00. Dkt. No. 17-1 at 2. After

deducting $6,000.00, the fee allowance granted by the agency, *see* Dkt. No. 17-5 at 2-3, in his request Attorney Olinsky now seeks a total recovery of $22,051.50 for the 36 hours of work performed by attorneys and paralegals at his firm.[2] Dkt. No. 17-1 at 2; *see also* Dkt. No. 17-7. Attorney Olinsky has agreed to return the $5,800.00 previously paid in connection with the EAJA application to plaintiff if his current request is granted. Dkt. No. 17-1 at 2.

The Commissioner, through counsel, does not oppose plaintiff's application. *See* Dkt. No. 18. She does, however, dispute Attorney Olinsky's calculation of past-due benefits awarded to plaintiff, and consequently the amount comprising the twenty-five percent withheld by the agency for attorney's fees. *Id.* at 3-4. In contrast to the $112,206.00 figure cited by Attorney Olinsky, the agency contends that plaintiff was awarded past-due benefits of $110,053.00. Dkt. No. 18 at 3-4. To explain the discrepancy, the Commissioner surmises that counsel "improperly count[ed] months between the date of the Agency's decision to grant benefits and the date of the Notice of Award." *Id.* at 3. Based upon the

---

[2] Counsel represents that attorneys and paralegals collectively logged 36 hours in representing plaintiff before this court, *see* Dkt. No. 17-1, but has not provided a breakdown of this number in his application. Plaintiff's EAJA application, however, reflects that paralegals spent 10.1 hours in connection with plaintiff's section 405(g) judicial review proceeding. *See* Dkt. No. 14-1 at 2.

5

agency's calculation, the Commissioner contends that the twenty-five percent withheld to pay attorney's fees was $27,513.25, Dkt. No. 18 at 4, as opposed to the $28,051.00 asserted by Attorney Olinsky. Dkt. No. 17-1 at 2. The Commissioner thus recommends that Attorney Olinsky receive no more than the combined fees under section 406(a) ($6,000.00) and section 406(b) (to total $27,513.25)—"not because of the statutory 25% cap, but because of the fee agreement"—resulting in an award under section 406(b) of $21,513.25. Dkt. No. 18 at 4-5. In other words, the Commissioner recommends that the court award the contractually agreed twenty-five percent fee of $27,513.25, less the $6,000 awarded under the EAJA. *Id.* at 5.

The Commissioner further notes that the parties' differences in calculation of plaintiff's past-due benefits impacts upon the *de facto* hourly rate that would result from the requested fee award. Dkt. No. 18 at 5. In addition, the Commissioner contends that the rate calculated by Attorney Olinsky is inflated due to the inclusion of paralegal time, and that the actual effective hourly rate is $830.63, an amount that some courts have found to be excessive.[3] *Id.*

---

[3] In response to counsel's application, the Acting Commissioner also notes the split of authority regarding when an application under section 406(b) must be made, but concedes, and I agree, that Attorney Olinsky's application is timely under any

In reply, Attorney Olinsky notes that he has attempted to verify the correct calculations regarding plaintiff's past-due benefits, but has been unable to do so. Dkt. No. 19. Attorney Olinsky thus leaves the proper calculation to the court's discretion. *Id.*

II. DISCUSSION

A. Calculation of Plaintiff's Past-Due Benefits

Prior to discussing the merits of Attorney Olinsky's application, I must first address the discrepancy between the parties' calculation of past-due benefits used as a basis for determining the twenty-five percent withheld for attorney's fees, based upon the December 9, 2018 Notice of Award.

The Social Security Administration's ("SSA") Program Operations Manual System ("POMS") is a primary authority used by SSA employees for the processing of claims for disability benefits.[4] *Simonsen v. Bremby*, No. 15-CV-1399, 2015 WL 9451031, at *5 (D. Conn. Dec. 23, 2015). The POMS is thus instructive in assisting the court to calculate the past-due

---

prevailing view. Dkt. No. 18 at 6-8.

[4] As the Second Circuit has explained, "The POMS is a set of guidelines through which the Social Security Administration further construe[s] the statutes governing its operations. We have held that POMS guidelines are entitled to substantial deference, and will not be disturbed as long as they are reasonable and consistent with the statute." *Lopes v. Dep't of Soc. Servs.*, 696 F.3d 180, 186 (2d Cir. 2012) (alteration in original) (citations and internal quotation marks omitted).

7

benefits indicated in plaintiff's Notice of Award. *See Lopes*, 696 F.3d at 186. The twenty-five percent amount withheld for attorney's fees is derived from a claimant's "past-due benefits," which accrue on the date of entitlement and end the month *prior to* the month of effectuation. POMS § GN 3920.30(A), (B); *see also Culbertson v. Berryhill*, 139 S. Ct. 517, 520 (2019) ("A claimant's application for Title II benefits can result in payments of past-due benefits—*i.e.*, benefits that accrued before a favorable decision[.]"); 20 C.F.R. § 404.1703. The month of effectuation is defined as the calendar month that the agency issues a favorable decision. POMS § GN 03920.30(D). Thus, the months between issuance of the favorable decision and the Notice of Award, if any, are not included in the calculation of "past-due benefits," and therefore may not be used in calculating a section 406(b) attorney's fee. *See id.*; *see also* 20 C.F.R. § 404.1703.

    The agency issued its fully favorable decision in this case in November 2018, making November the month of effectuation. *See* POMS § GN 03920.30(D); Dkt. No. 17-2. December 2018, the month in which the Notice of Award was actually issued by the agency, is therefore not included in the calculation of past-due benefits for the purpose of determining the twenty-five percent withheld for attorney's fees. *See* POMS § GN 03920.30(D). Thus, plaintiff's past due benefits are calculated

8

beginning in June 2014 (the month of entitlement) and ending in October 2018 (the month prior to the month of effectuation). *See id.* § 03920.30D; Dkt. No. 17-4. Considering these parameters, I find that the agency's calculations of (1) $110,053.00[5] for plaintiff's past due benefits, and (2) $27,513.25 for the amount withheld to pay attorney's fees, are correct. *See* Dkt. No. 18 at 3-4.

While I find the Commissioner's calculations to be correct, I nonetheless will consider the specific fee amount requested by plaintiff, $22,051.50, in addressing the reasonableness of the fee. As is set forth fully below, section 406(b) allows a claimant's attorney to recover up to twenty-five percent of the claimant's past-due benefits. 42 U.S.C. § 406(b). In its recent decision in *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019), the Supreme Court explained that "the [twenty-five percent] cap applies only to fees for representation before the court, not the agency." The statutory text of sections 406(a) and 406(b) "contain[] separate caps on fees for each type of representation, and authorizes two pools of withheld

---

[5] This amount was calculated using the monthly benefits set forth in the December 19, 2018 Notice of Award and in accordance with the POMS guidance discussed herein. Specifically, the following totals $110,053.00: monthly benefits of $2,035 from June 2014 to November 2014; $2,069 from December 2014 to November 2016; $2,075 from December 2016 to November 2017; and $2,117 from December 2017 to October 2018. *See* Dkt. No. 17-4 at 2. In determining a total amount of past-due benefits, the agency rounds down to the nearest dollar when calculating past-due monthly benefits. *See id.*

9

benefits." *Id.* at 523. Thus, in seeking attorney's fees in the present application, Attorney Olinsky is under no obligation to subtract the fees he recovered at the administrative level from the twenty-five percent withheld from plaintiff's past-due benefits under section 406(b). *See id.*

Attorney Olinsky presumably derived his request for $22,051.00 in attorney's fees by subtracting the $6,000.00 he received in fees at the administrative level from the miscalculated twenty-five percent fee of $28,051.00. *See* Dkt. No. 17-1 at 2. Thus, even though Attorney Olinsky miscalculated plaintiff's past-due benefits, and subsequently the twenty-five percent figure, his requested fee of $22,051.00 nevertheless does not exceed the twenty-five percent allowed under the statute in this case—$27,513.25—nor does it exceed the twenty-five percent contingency fee agreed upon in plaintiff and Attorney Olinsky's fee agreement. *See* Dkt. No. 17-3. Thus, despite Attorney Olinsky's slight miscalculation of plaintiff's past-due benefits, I find no compelling reason to lower the fee sought by plaintiff to the amount of $21,513.25 as suggested by the Commissioner. *See* Dkt. No. 18 at 4-5 (recommending that Attorney Olinsky receive no more than the combined awards from Section 406(a) and 406(b)). As such, I will proceed by analyzing the reasonableness of the $22,051.00 fee as requested by Attorney Olinsky.

B. Merits of Attorney Olinsky's Fee Application

Counsel's application is made pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> (b) Fees for representation before court
>
> > (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

42 U.S.C. § 406(b)(1)(A). As the Supreme Court has noted, section 406(b) does not supplant contingency fee arrangements, such as that entered into between plaintiff and his attorney, but does require the court to engage in an independent analysis to assure that the result dictated by the contingency arrangement is reasonable given the circumstances of the particular case at hand. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08 (2002).

In awarding attorney's fees under section 406(b) where there is an underlying contingency fee agreement, "a court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case[.]" *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990). That reasonableness inquiry is informed by several factors, including whether (1) there is evidence of fraud, (2) the attorney was ineffective or caused unnecessary delay, and (3) the fee would result in a windfall to the attorney in relation to the services provided. *Schiebel v. Colvin*, No. 14-CV-0739, 2016 WL 7338410, at *2 (N.D.N.Y. Dec. 19, 2016) (Kahn, J.) (quoting *Kazanjian v. Astrue*, No. 09-CV-3678, 2011 WL 2847439, at *1 (E.D.N.Y. July 15, 2011). Courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989). "If the attorney is responsible for delay," or "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808. In short, if counsel's representation does not warrant recovery of the amount agreed upon, the court may reduce the award.

In this case, there is no evidence of fraud. Moreover, the efforts of

Attorney Olinsky proved effective in challenging the Commissioner's denial of benefits, and there is no suggestion that he delayed in his representation of plaintiff.

One focus of the court's evaluation of the pending request is upon whether the requested fee would result in a windfall to plaintiff's counsel. In determining whether compensation pursuant to a retainer agreement would result in a windfall to counsel, the court considers whether (1) the attorney's efforts were successful for the plaintiff; (2) there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate, but rather arguments involving issues of material fact and research; and (3) the case was handled efficiently due to the attorney's experience in handling Social Security cases. *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456-57 (W.D.N.Y. 2005).

With respect to the first and second windfall factors, I have reviewed plaintiff's brief to the court, and find that it was capably prepared. *See* Dkt. No. 9. Attorney Olinsky's efforts were undeniably successful because plaintiff, whose application for benefits was initially denied, secured a recovery of past due benefits as a result of his counsel's representation. Addressing the third factor, the court is familiar with and acknowledges Attorney Olinsky's skill and legal experience in Social Security cases.

In determining whether the requested fee would result in a windfall, the court must also examine the effective hourly rate associated with the application. The effective hourly rate associated with Attorney Olinksy's fee application gives the court brief pause. Here, Attorney Olinsky seeks a total recovery of $22,051.50 for the 36 hours of work performed by attorneys and paralegals at his firm, resulting in a blended effective hourly rate of $612.54 per hour. As was noted above, the contemporaneous time records submitted in support of the application do not differentiate between work performed by attorneys and that of paralegals.[6] Dkt. No. 17-1 at 3 (citing Dkt. No. 17-7). However, in conjunction with his application for fees under the EAJA, Attorney Olinsky submitted separate time records for time expended by paralegals, totaling 10.1 hours, which I will consider for the present application. Dkt. No 14-5. Deducting the cost of 10.1 hours of paralegal time at the reported EAJA hourly rate of $100, *see* Dkt. No. 14-1 at 2, I calculate the effective hourly rate for attorney time to increase to approximately $812.41 per hour.

---

[6] Attorney Olinsky has been cautioned that he "would be well-advised in future applications to specifically identify paralegals and their hours worked so as not to burden the Court with the task." *Wood-Callipari v. Berryhill*, No. 15-CV-743, 2018 WL 5999941, at *2 n.4 (N.D.N.Y. Nov. 15, 2018) (Mordue, J.)

Although cases addressing applications made under such fee shifting statutes as 42 U.S.C. § 1988, for example, are not directly applicable, the rate at which recovery is now sought is slightly higher than the hourly rates typically applied by this court to applications filed under those fee-shifting statutes. *See, e.g.*, *Stevens v. Rite Aid Corp.*, No. 13-CV-0783, 2016 WL 6652774, at *3 (N.D.N.Y. July 6, 2016) (McAvoy, J.) ("Recent cases in the Northern District have upheld hourly rates between $250 and $345 for partners; between $165 and $200 for associates; and between $80 and $90 for paralegals." (citation and internal quotation marks omitted)). Those types of fee-shifting provisions, however, under which a losing party can be required to pay attorney's fees to a prevailing party, are distinct from the statute under which Attorney Olinsky's current application is made, permitting plaintiffs to enter into contingency fee agreements with lawyers willing to take their cases. Allowing for such arrangements that, as is the case in this instance, result in recovery of fees at effective rates higher than ordinarily sanctioned in fee-shifting cases, serves an important purpose of encouraging lawyers to agree to represent Social Security claimants, many of whom are of limited resources.

While either hourly rate of $612.54 or $812.41 is far from modest, both nonetheless fall within the range of rates approved by courts in this district and elsewhere when analyzing applications under 42 U.S.C. § 406(b). *See, e.g.*, *Wood-Callipari*, 2018 WL 5999941, at *2 (approving an effective hourly rate of $854.32); *Buckley v. Berryhill*, No. 15-CV-0341-A, 2018 WL 3368434, at *2-*3 (W.D.N.Y. Jul. 10, 2018) (approving an effective hourly rate of $1,000); *Cieslik v. Berryhill*, No. 14-CV-430, 2018 WL 446218, at *3 (W.D.N.Y. Jan. 17, 2018) (approving an effective hourly rate of approximately $792.45); *Cole on Behalf of Cole v. Comm'r of Soc. Sec.*, 2017 WL 2473174, at *2 (N.D.N.Y. Jun. 8, 2017) (approving an effective hourly rate of $643.49); *Schiebel*, 2016 WL 7338410, at *3 (accepting a contingency fee agreement with an effective hourly rate of $975.68); *Joslyn*, 389 F. Supp. 2d at 455-56 (accepting a contingency fee agreement with an effective hourly rate of $891.61).

In sum, while the attorney-only hourly rate of $812.41 is approaching windfall territory, considering that there is no evidence of fraud and Attorney Olinsky's representation was effective, I find that the amount now sought is reasonable under the circumstances.

III. **SUMMARY AND ORDER**

Plaintiff and his counsel, the Olinsky Law Group, entered into a contingency fee agreement under which plaintiff agreed to compensate Attorney Olinsky in the amount of twenty-five percent of past due benefits awarded to him in the event of a favorable decision. Having reviewed the pending application for approval of the payment of fees, I conclude that the amount now sought by plaintiff's counsel pursuant to that arrangement is reasonable and would not result in a windfall to counsel. Accordingly, it is hereby

ORDERED as follows:

(1) Attorney Howard Olinsky, Esq. is hereby awarded the sum of $22,051.00 in accordance with 42 U.S.C. § 406(b), as fees pursuant to the firm's fee agreement with plaintiff, to be paid from the amount withheld by the Commissioner from the past due benefits awarded to plaintiff.

(2) Attorney Howard Olinsky, Esq. is hereby directed to refund to plaintiff the sum of $5,800 previously awarded in this matter as attorney's fees pursuant to EAJA.

Dated: May 6, 2019
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge